Edson v. Child.

## JAMES E. EDSON

### *vs.*

## H. A. CHILD.

The words " provided that there has been a substantial compliance with the provisions of this chapter," (ch. 1, section 40, Gen. St.) which have been added to the statute since the decision in *Taylor vs. Taylor*, 10 *Minn.* 107, do not render the use of register poll lists essential to the validity of an election.

This case was before this court and heard and determined at the July term, 1871, and is reported *ante* p. 64. A motion is now made by the appellant for a re-argument of the case, and the ground upon which such motion is based is stated in the opinion.

C. K. DAVIS, for motion.

BAXTER & PECK, against motion.

*By the Court.*—BERRY, J.—The appellant moves for a re-argument in this case, upon the ground, as his counsel states it, that "in the argument and decision of the cause, an important provision of the statute was entirely overlooked." Reference is had to the following proviso at the end of sec. 40, ch. 1, Gen. St., viz.: " provided that there has been a substantial compliance with the provisions of this chapter." This proviso has been inserted in the election law since the decision

in *Taylor vs. Taylor,* 10 *Minn.* 107, and it is claimed that the effect of the insertion is to change the law as it was construed in *Taylor vs. Taylor,* and what is particularly important in the case at bar, to render the use of register poll lists essential to the validity of an election, and that, therefore, the court erred in following *Taylor vs. Taylor,* and determining *this* case upon *its* authority.

The proviso above quoted *was not overlooked* by this court, though as our attention was not called to it by counsel, it was not deemed of sufficient importance to be referred to in the opinion filed. Since, however, the papers furnished by counsel for and against a re-argument, amount to an argument upon the effect of the proviso, we will now state briefly the reasons why we think the change made by it in the statute not important in this instance. The appellant claims that no register poll lists were used in five towns at the election, and that, therefore, the votes cast in those towns were improperly counted by the canvassing board of the county.

Now the position taken by the court in *Taylor vs. Taylor,* was that the provisions of statute requiring the use of register poll lists were *directory only,* or in other words, that the use of such lists was not *essential* to a valid election.

This was in effect to hold, that as the election law then read its provisions might be *substantially* complied with without the use of the lists. For a *substantial* compliance with the provisions of the election law cannot mean more than a compliance with them so far as they are *essential* to the validity of an election, for whatever is not *essential,* is matter of form, not of substance. Is there anything in the proviso before mentioned which makes the provisions of statute as to the use of the lists any more substantial or essential, or any less directory now than they were when *Taylor vs. Taylor* was decided?

We can see no more satisfactory way of answering this

Edson v. Child.

question than by reading the whole of section 40, the only important difference between which and the corresponding section of the statute upon which *Taylor vs. Taylor* was determined, consists in the addition of the proviso.

Section 40 reads as follows :   " No election returns shall be refused by any auditor for the reason that the same are returned or delivered to him in any other than the manner directed herein ; nor shall the canvassing board of the county refuse to include any returns in their estimate of votes *for any informality in holding any election,* or making returns thereof, but all returns shall be received and the votes canvassed by such canvassing board and included in the abstracts, *provided there is a substantial compliance with the provisions of this chapter.*"   In this case the important portions of the section are those which we italicise.   The effect of these portions is to enact, that *no informality* in holding an election shall exclude the votes cast at the same, unless it be a *substantial* informality.   And as the statute with the proviso leaves the question of what is a substantial informality just where it was when *Taylor vs. Taylor* was decided, we are of opinion that the rule laid down in that case, as to the *directory* nature of the provisions relating to the use of lists, remains unchanged and governs the case at bar.

Motion denied.